# Appendix B

LEXSTAT BANKR. R. 8001

UNITED STATES CODE SERVICE
Copyright © 2007 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

*** CURRENT THROUGH CHANGES RECEIVED SEPTEMBER, 2007 ***

FEDERAL RULES OF BANKRUPTCY PROCEDURE AND OFFICIAL BANKRUPTCY FORMS
PART VIII. APPEALS TO DISTRICT COURT OR BANKRUPTCY APPELLATE PANEL

**Go to the United States Code Service Archive Directory**

*USCS Bankruptcy R 8001*

Review Court Orders which may amend this Rule.

Rule 8001. Manner of Taking Appeal; Voluntary Dismissal [Caution: For interim rule implementing the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, see appendix to the Federal Rules of Bankruptcy Procedure.]

(a) Appeal as of right; how taken. An appeal from a judgment, order, or decree of a bankruptcy judge to a district court or bankruptcy appellate panel as permitted by *28 U.S.C. § 158(a)(1)* or (a)(2) shall be taken by filing a notice of appeal with the clerk within the time allowed by Rule 8002. An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal. The notice of appeal shall (1) conform substantially to the appropriate Official Form, (2) contain the names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys, and (3) be accompanied by the prescribed fee. Each appellant shall file a sufficient number of copies of the notice of appeal to enable the clerk to comply promptly with Rule 8004.

(b) Appeal by leave; how taken. An appeal from an interlocutory judgment, order, or decree of a bankruptcy judge as permitted by *28 U.S.C. § 158(a)(3)* shall be taken by filing a notice of appeal, as prescribed in subdivision (a) of this rule, accompanied by a motion for leave to appeal prepared in accordance with Rule 8003 and with proof of service in accordance with Rule 8008.

(c) Voluntary dismissal.

(1) *Before docketing.* If an appeal has not been docketed, the appeal may be dismissed by the bankruptcy judge on the filing of a stipulation for dismissal signed by all the parties, or on motion and notice by the appellant.

(2) *After docketing.* If an appeal has been docketed and the parties to the appeal sign and file with the clerk of the district court or the clerk of the bankruptcy appellate panel an agreement that the appeal be dismissed and pay any court costs or fees that may be due, the clerk of the district court or the clerk of the bankruptcy appellate panel shall enter an order dismissing the appeal. An appeal may also be dismissed on motion of the appellant on terms and conditions fixed by the district court or bankruptcy appellate panel.

(d) [Abrogated]

(e) Election to have appeal heard by district court instead of bankruptcy appellate panel. An election to have an appeal heard by the district court under *28 U.S.C. § 158(c)(1)* may be made only by a statement of election contained in a separate writing filed within the time prescribed by *28 U.S.C. § 158(c)(1)*.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

CIVIL CODE
PRELIMINARY PROVISIONS

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Civ Code § 19 (2007)

**§ 19. Constructive notice specified**

Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.

**HISTORY:**

Enacted 1872. Amended Code Amdts 1873-74 ch 612 § 3.

DEERING'S CALIFORNIA
PRACTICE CODES
PART 2

# CIVIL CODE
# PROBATE CODE
# RULES OF COURT

---

## INCLUDING ENACTMENTS THROUGH THE END OF THE 1983 REGULAR SESSION OF THE 1983-84 LEGISLATURE

Edited and Indexed by the Publisher's
Editorial Staff

FOR USE IN
1984

BANCROFT-WHITNEY COMPANY
San Francisco
1984

'es, or activities on such
ons entering for such pur-
ovided in this section.
purpose," as used in this
such activities as fishing,
water sports, hiking, spe-
achuting, riding, including
wmobiling, and all other
riding, rock collecting,
ing, nature study, nature
onal gardening, gleaning,
viewing or enjoying his-
cal, scenic, natural, or

ny estate or any other
erty, whether possessory
who gives permission to
use for the above pur-
nises does not thereby
ance that the premises
rpose, or (b) constitute
n permission has been
atus of an invitee or
uty of care is owed, or
lity for or incur liabil-
o person or property
such person to whom
granted except as pro-

not limit the liability
ts (a) for willful or
ard or warn against a
se, structure or activ-
suffered in any case
enter for the above
for a consideration
ation, if any, paid to
state, or where con-
ived from others for
to any persons who
ather than merely
the premises by the

n creates a duty of
ility for injury to
ch 1759 § 1; 1970
§ 1; 1972 ch 1200
78 ch 86 § 1; 1979
§ 1.] *50 Cal Jur 3d*
*kin Summary (8th*

**operty to perform**
**freeway right-of-**
y upon or to real
utilize boundary
urveys, is a right
d to practice land
responsibility of



the owner or tenant who owns or controls property to provide reasonable access without undue delay. The right of entry is not contingent upon the provision of prior notice to the owner or tenant. However, the owner or tenant shall be notified of the proposed time of entry where practicable.

(b) The requirements of subdivision (a) do not apply to monuments within access-controlled portions of freeways.

(c) When required for a property survey, monuments within a freeway right-of-way shall be referenced to usable points outside the access control line by the agency having jurisdiction over the freeway when requested in writing by the registered civil engineer or licensed land surveyor who is to perform the property survey. The work shall be done within a reasonable time period by the agency in direct cooperation with the engineer or surveyor and at no charge to him. [1973 ch 435 § 1; 1982 ch 427 § 1.]

## TITLE 4

## Uses and Trusts


§ 852. Trusts must be in writing.
§ 853. Transfer to one for money paid by another.
§ 856. Purchasers protected.
§ 858. Vesting of mortgage powers.
§ 859. Surplus of rents and profits; Satisfaction of money judgment
§ 860. Exercise of vested powers.
§ 863. Trustees of express trusts to have whole estate.
§ 864. Author of trust may devise, etc.
§ 865. Title of grantee or devisee of trust property.
§ 866. Interests remaining in grantor of express trust.
§ 867. Restraining disposition of trusts.
§ 869. Effect of omitting trust in conveyance.
§ 869a. Conveyance in trust, not indicating or naming beneficiary.
§ 870. Certain sales, etc., by trustees, void.
§ 871. When estate of trustee to cease.


*Cal Forms-42:21.*

**§ 852. Trusts must be in writing.** No trust in relation to real property is valid unless created or declared:

1. By a written instrument, subscribed by the trustee, or by his agent thereto authorized by writing;

2. By the instrument under which the trustee claims the estate affected; or,

3. By operation of law. [1872.] *Cal Jur 3d Agency § 152, Deeds of Trust §§ 4, 10, Limitation of Actions § 112, Trusts §§ 4, 34; Cal Practice § 138:4; Cal Forms-42:22, 42:79, 42:291; Witkin Summary (8th ed) p 5377.*

**§ 853. [Transfer to one for money paid by another.]** When a transfer of real property is made to one person, and the consideration therefor is paid by or for another, a trust is presumed to result in favor of the person by or for whom such payment is made. [1872; 1873–74 ch 612 § 114.] *Cal Jur 3d Trusts §§ 4, 263, 272, 278, 335, Wills § 201; Witkin Summary (8th ed) p 5484.*

**§ 856. Purchasers protected.** No implied or resulting trust can prejudice the rights of a purchaser or encumbrancer of real property for value and without notice of the trust. [1872.] *Cal Jur 3d Trusts §§ 4, 361; Witkin Summary (8th ed) p 5450.*

**§ 858. [Vesting of mortgage powers.]** Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is to be deemed a part of the security, and vests in any person who, by assignment, becomes entitled to the money so secured to be paid, and may be executed by him whenever the assignment is duly acknowledged and recorded. [1873–74 ch 612 § 117.] *Cal Jur 3d Acknowledgments §§ 4–6, Deeds of Trusts §§ 108, 198, 231, Trusts § 4.*

**§ 859. [Surplus of rents and profits; Satisfaction of money judgment]** Where a trust is created to receive the rents and profits of real or personal property, and no valid di-

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

CIVIL CODE
Division 3. Obligations
Part 4. Obligations Arising from Particular Transactions
Title 9. Agency
Chapter 1. Agency in General
Article 2. Authority of Agents

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Civ Code § 2307 (2007)

## § 2307. Creation of agency

An agency may be created, and an authority may be conferred, by a precedent authorization or a subsequent ratification.

**HISTORY:**

Enacted 1872.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

CIVIL CODE
Division 3. Obligations
Part 4. Obligations Arising from Particular Transactions
Title 9. Agency
Chapter 1. Agency in General
Article 2. Authority of Agents

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Civ Code § 2310 (2007)

**§ 2310. Ratification of agent's act**

A ratification can be made only in the manner that would have been necessary to confer an original authority for the act ratified, or where an oral authorization would suffice, by accepting or retaining the benefit of the act, with notice thereof.

**HISTORY:**

Enacted 1872.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

CIVIL CODE
Division 3. Obligations
Part 4. Obligations Arising from Particular Transactions
Title 9. Agency
Chapter 1. Agency in General
Article 2. Authority of Agents

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Civ Code § 2311 (2007)

**§ 2311. Ratification of part of a transaction**

Ratification of part of an indivisible transaction is a ratification of the whole.

**HISTORY:**

Enacted 1872.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

EVIDENCE CODE
Division 5. Burden of Proof; Burden of Producing Evidence; Presumptions and Inferences
Chapter 3. Presumptions and Inferences
Article 4. Presumptions Affecting the Burden of Proof

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Evid Code § 662 (2007)

**§ 662. Owner of legal title to property is owner of beneficial title**

The owner of the legal title to property is presumed to be the owner of the full beneficial title. This presumption may be rebutted only by clear and convincing proof.

**HISTORY:**

Enacted Stats 1965 ch 299 § 2, operative January 1, 1967.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

FAMILY CODE
Division 4. Rights and Obligations During Marriage
Part 2. Characterization of Marital Property
Chapter 1. Community Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Fam Code § 761 (2007)

**§ 761. Property in certain revocable trusts as community property**

**(a)** Unless the trust instrument or the instrument of transfer expressly provides otherwise, community property that is transferred in trust remains community property during the marriage, regardless of the identity of the trustee, if the trust, originally or as amended before or after the transfer, provides that the trust is revocable as to that property during the marriage and the power, if any, to modify the trust as to the rights and interests in that property during the marriage may be exercised only with the joinder or consent of both spouses.

**(b)** Unless the trust instrument expressly provides otherwise, a power to revoke as to community property may be exercised by either spouse acting alone. Community property, including any income or appreciation, that is distributed or withdrawn from a trust by revocation, power of withdrawal, or otherwise, remains community property unless there is a valid transmutation of the property at the time of distribution or withdrawal.

**(c)** The trustee may convey and otherwise manage and control the trust property in accordance with the provisions of the trust without the joinder or consent of the husband or wife unless the trust expressly requires the joinder or consent of one or both spouses.

**(d)** This section applies to a transfer made before, on, or after July 1, 1987.

**(e)** Nothing in this section affects the community character of property that is transferred before, on, or after July 1, 1987, in any manner or to a trust other than described in this section.

**HISTORY:**

Enacted Stats 1992 ch 162 § 10 (AB 2650), operative January 1, 1994.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

FAMILY CODE
Division 4. Rights and Obligations During Marriage
Part 2. Characterization of Marital Property
Chapter 5. Transmutation of Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Fam Code § 852 (2007)

**§ 852. Form of transmutation**

**(a)** A transmutation of real or personal property is not valid unless made in writing by an express declaration that is made, joined in, consented to, or accepted by the spouse whose interest in the property is adversely affected.

**(b)** A transmutation of real property is not effective as to third parties without notice thereof unless recorded.

**(c)** This section does not apply to a gift between the spouses of clothing, wearing apparel, jewelry, or other tangible articles of a personal nature that is used solely or principally by the spouse to whom the gift is made and that is not substantial in value taking into account the circumstances of the marriage.

**(d)** Nothing in this section affects the law governing characterization of property in which separate property and community property are commingled or otherwise combined.

**(e)** This section does not apply to or affect a transmutation of property made before January 1, 1985, and the law that would otherwise be applicable to that transmutation shall continue to apply.

**HISTORY:**

Enacted Stats 1992 ch 162 § 10 (AB 2650), operative January 1, 1994.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

FAMILY CODE
Division 4. Rights and Obligations During Marriage
Part 3. Liability of Marital Property
Chapter 2. General Rules of Liability

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Fam Code § 910 (2007)

## § 910. Community estate liable for debt of either spouse

**(a)** Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt.

**(b)** "During marriage" for purposes of this section does not include the period during which the spouses are living separate and apart before a judgment of dissolution of marriage or legal separation of the parties.

**HISTORY:**

Enacted Stats 1992 ch 162 § 10 (AB 2650), operative January 1, 1994.

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

FAMILY CODE
Division 4. Rights and Obligations During Marriage
Part 4. Management and Control of Marital Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Fam Code § 1100 (2007)

**§ 1100. Management and control of community personal property; Fiduciary duty**

**(a)** Except as provided in subdivisions (b), (c), and (d) and Sections 761 and 1103, either spouse has the management and control of the community personal property, whether acquired prior to or on or after January 1, 1975, with like absolute power of disposition, other than testamentary, as the spouse has of the separate estate of the spouse.

**(b)** A spouse may not make a gift of community personal property, or dispose of community personal property for less than fair and reasonable value, without the written consent of the other spouse. This subdivision does not apply to gifts mutually given by both spouses to third parties and to gifts given by one spouse to the other spouse.

**(c)** A spouse may not sell, convey, or encumber community personal property used as the family dwelling, or the furniture, furnishings, or fittings of the home, or the clothing or wearing apparel of the other spouse or minor children which is community personal property, without the written consent of the other spouse.

**(d)** Except as provided in subdivisions (b) and (c), and in Section 1102, a spouse who is operating or managing a business or an interest in a business that is all or substantially all community personal property has the primary management and control of the business or interest. Primary management and control means that the managing spouse may act alone in all transactions but shall give prior written notice to the other spouse of any sale, lease, exchange, encumbrance, or other disposition of all or substantially all of the personal property used in the operation of the business (including personal property used for agricultural purposes), whether or not title to that property is held in the name of only one spouse. Written notice is not, however, required when prohibited by the law otherwise applicable to the transaction.

Remedies for the failure by a managing spouse to give prior written notice as required by this subdivision are only as specified in Section 1101. A failure to give prior written notice shall not adversely affect the validity of a transaction nor of any interest transferred.

**(e)** Each spouse shall act with respect to the other spouse in the management and control of the community assets and liabilities in accordance with the general rules governing fiduciary relationships which control the actions of persons having relationships of personal confidence as specified in Section 721, until such time as the assets and liabilities have been divided by the parties or by a court. This duty includes the obligation to make full disclosure to the other spouse of all material facts and information regarding the existence, characterization, and valuation of all assets in which the community has or may have an interest and debts for which the community is or may be liable, and to provide equal access to all information, records, and books that pertain to the value and character of those assets and debts, upon request.

**HISTORY:**

Enacted Stats 1992 ch 162 § 10 (AB 2650), operative January 1, 1994. Amended Stats 1993 ch 219 § 100.8 (AB 1500).

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

FAMILY CODE
Division 4. Rights and Obligations During Marriage
Part 4. Management and Control of Marital Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Fam Code § 1102 (2007)

**§ 1102. Management and control of community real property**

**(a)** Except as provided in Sections 761 and 1103, either spouse has the management and control of the community real property, whether acquired prior to or on or after January 1, 1975, but both spouses, either personally or by a duly authorized agent, must join in executing any instrument by which that community real property or any interest therein is leased for a longer period than one year, or is sold, conveyed, or encumbered.

**(b)** Nothing in this section shall be construed to apply to a lease, mortgage, conveyance, or transfer of real property or of any interest in real property between husband and wife.

**(c)** Notwithstanding subdivision (b):

**(1)** The sole lease, contract, mortgage, or deed of the husband, holding the record title to community real property, to a lessee, purchaser, or encumbrancer, in good faith without knowledge of the marriage relation, shall be presumed to be valid if executed prior to January 1, 1975.

**(2)** The sole lease, contract, mortgage, or deed of either spouse, holding the record title to community real property to a lessee, purchaser, or encumbrancer, in good faith without knowledge of the marriage relation, shall be presumed to be valid if executed on or after January 1, 1975.

**(d)** No action to avoid any instrument mentioned in this section, affecting any property standing of record in the name of either spouse alone, executed by the spouse alone, shall be commenced after the expiration of one year from the filing for record of that instrument in the recorder's office in the county in which the land is situated.

**(e)** Nothing in this section precludes either spouse from encumbering his or her interest in community real property, as provided in Section 2033, to pay reasonable attorney's fees in order to retain or maintain legal counsel in a proceeding for dissolution of marriage, for nullity of marriage, or for legal separation of the parties.

**HISTORY:**

Enacted Stats 1992 ch 162 § 10 (AB 2650), operative January 1, 1994. Amended Stats 1993 ch 219 § 101 (AB 1500).

LEXSTAT

DEERING'S CALIFORNIA CODES ANNOTATED
Copyright (c) 2007 by Matthew Bender & Company, Inc.
a member of the LexisNexis Group.
All rights reserved.

*** THIS DOCUMENT REFLECTS ALL URGENCY LEGISLATION ENACTED ***
*** THROUGH 2007 CH. 750, APPROVED 10/14/07 ***

PROBATE CODE
Division 2. General Provisions
Part 1. Effect of Death of Married Person on Community and Quasi-community Property

**GO TO CALIFORNIA CODES ARCHIVE DIRECTORY**

Cal Prob Code § 100 (2007)

**§ 100. Community property**

**(a)** Upon the death of a married person, one-half of the community property belongs to the surviving spouse and the other half belongs to the decedent.

**(b)** Notwithstanding subdivision (a), a husband and wife may agree in writing to divide their community property on the basis of a non pro rata division of the aggregate value of the community property or on the basis of a division of each individual item or asset of community property, or partly on each basis. Nothing in this subdivision shall be construed to require this written agreement in order to permit or recognize a non pro rata division of community property.

**HISTORY:**

Enacted Stats 1990 ch 79 § 14 (AB 759), operative July 1, 1991. Amended Stats 1998 ch 682 § 2 (AB 2069).